## SWETT *vs.* GREEN.

Where the secretary of a corporation received an order for money, payable to himself, in his private capacity, the amount of which, when paid, was designed to be applied to the payment of a debt due from the drawer to the corporation; and he afterwards passed it over to the treasurer for that purpose, of which the acceptor had notice;—it was holden that this was a sufficient assignment; and that a subsequent discharge from the original payee could not avail the acceptor.

THIS case, which was *assumpsit* against the defendant as acceptor of an order, came before the court upon exceptions filed by the defendant to the opinion of *Smith J.* before whom it was tried in the court below.

It appeared that on *June 10th,* 1822, *Kelly & Coates* drew an order on the defendant for sixty dollars, in favor of *John Swett* ; which the defendant on the day following accepted, to pay in six days. *Swett* was secretary of the Eastport Mechanic Association; and the order was drawn to pay a note due to that corporation, in which *Kelly & Coates* were principals, and *Richard M.·*

Swett *v.* Green.

*Bartlett* was indorser. Soon after the acceptance became due, the secretary presented it for payment, which was not made; and thereupon he handed it over for collection to *Samuel Rice*, the treasurer of the corporation, who presented it, and informed *Green* of the purpose for which it was drawn. The order being still unpaid, *Bartlett* afterwards paid the note, received the order from the treasurer, and now brought this action, in the name of *Swett*, for his own benefit.

The defendant pleaded the general issue; and offered in evidence a receipt given to him by *Swett*, dated *Feb.* 4, 1824, and acknowledging the receipt of one dollar in full of all debts, dues and demands, up to that date. This paper, the judge ruled, could not avail him, the foregoing facts, which appeared in the deposition of *Rice*, being sufficient proof of a previous assignment of the order.

The question as to the validity of the assignment was submitted without argument; and the opinion of the court was delivered by

MELLEN C. J. This case comes before us on exceptions alleged to the opinion and instructions of the court of Common Pleas. The question presented for our consideration is whether the facts stated in the deposition of *Samuel Rice*, shew a legal assignment of the order declared on to *Richard M. Bartlett*, for whose benefit the action is brought, and such notice of the same to *Green* the defendant, prior to the date of the discharge, or receipt, which he received from *Swett*, the nominal plaintiff, as to entitle it to protection in this court.

It seems that the order was drawn on *Green*, in favor of *Swett*, the secretary of the mechanic association, to raise money to pay a note, on which *Bartlett* stood liable to the association as an indorser. The order, though accepted by *Green*, was not paid, and *Bartlett* paid the note on which he stood liable as before mentioned; and thereupon *Rice* the treasurer of the association, delivered this order, so accepted, to *Bartlett*; and evidently for the purpose of indemnifying him on account of his suretiship for *Kelly & Coates*. This delivery, under these circumstances, and for such purpose, according to the decision of this court in *Vose v. Handy 2 Greenl.*

322, and *Robbins v. Bacon* 3 *Greenl.* 346, and the cases there cited, amounted to an effectual assignment of the order ; conveying to *Bartlett* an equitable interest therein, entitled to legal protection ; provided *Green* had notice of it, prior to the giving of said receipt or discharge. As to the point of notice, we must look to the facts. The case finds, as before stated, that the order was drawn on *Green* in *June* 1822, for the express purpose of relieving *Bartlett* from his responsibility, as indorser of the abovementioned note. When the order was presented for payment, it was not paid, though it was shewn to *Green*, and payment was requested. It appears also by the exceptions, that *Green* was " told the circumstances of the order being drawn"— as it is expressed ; that is, he was told the occasion on which, and the purpose for which the arrangement was made, in due season. This shews that he must have been aware that *Swett* had no controling power over the order, nor any legal interest in it ; nor did he pretend to have any when he delivered it over to the treasurer of the association. Besides, the receipt itself, dated and given almost two years afterwards, carries on the face of it no small proof of the same fact ; for the consideration or sum specified therein is only one dollar ; whereas the sum named in the order, is sixty dollars. Hence it seems to be clear that either the receipt was never intended to affect or apply to the order ; or else that it was given for a very improper purpose ; that is, to impair or destroy the rights of *Bartlett*, the owner of the equitable interest therein ; which by law he had no right to do. On either supposition it must be unavailing to the defendant. We have no hesitation in overruling the exceptions, and affirming the judgment of the court of Common Pleas.

*Judgment affirmed.*